| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:19-cv-00992-CAS-JPRx | Date | April 3, 2019 |
| Title | AARON SAMSKY V. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S MOTION TO REMAND (Dkt. [ 9 ], filed on March 10, 2019)

## I. INTRODUCTION AND BACKGROUND

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of April 8, 2019, is vacated, and the matter is hereby taken under submission.

On December 28, 2018, plaintiff Aaron Samsky ("Samsky") filed this action in the Los Angeles Superior Court against defendant State Farm Mutual Automobile Insurance Company ("State Farm") and Does 1 through 100. Dkt. 1, Notice of Removal ¶ 1 ("Rem. Not."). Plaintiff alleges claims for: (1) breach of the covenant of good faith and fair dealing; and (2) unlawful and unfair business acts, in violation of Business and Professional Code § 17200 et. seq ("UCL"). Most generally, plaintiff alleges that defendant acted in bad faith by failing to properly and fairly investigate plaintiff's claims for insurance coverage, thereby requiring plaintiff to demand arbitration.

In 2015, defendant issued plaintiff a contract for insurance. Dkt. 1, Ex. A, ("Compl.") ¶ 7. The insurance contract provided underinsured motorist coverage ("UIM") of $100,000 per person, per collision. Id. ¶ 8. On July 27, 2015 and again on September 10, 2015, plaintiff was involved in automobile accidents with underinsured drivers. Id. ¶¶ 10–12. Plaintiff thereafter sent a demand letter to defendant requesting $170,000—$100,000 per accident offset by two payments of $15,000, which plaintiff received from the underinsured drivers. Id. ¶¶ 13–15. In response, defendant offered plaintiff $3,920 for the first accident and $11,714 for the second accident. Id. ¶¶ 18–19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:19-cv-00992-CAS-JPRx | Date | April 3, 2019 |
| Title | AARON SAMSKY V. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ET AL. | | |

Plaintiff demanded arbitration. Id. ¶ 21. Although defendant then agreed to pay plaintiff the UIM policy limit of $85,000 for the first accident, the parties could not reach a settlement regarding the second accident. Id. ¶¶ 24–25. Following a three-day arbitration hearing, on September 6, 2018, the arbitrator awarded plaintiff total damages of $64,491.63. Id. ¶ 28.[1]

Plaintiff filed the instant action on December 28, 2018. Plaintiff alleges that defendant acted in bad faith by failing to properly and fairly investigate plaintiff's claims, thereby requiring plaintiff to demand arbitration. Id. ¶ 30. Plaintiff requests the following forms of relief, in an amount according to proof: (1) compensatory and consequential damages for delaying and withholding benefits under the UIM provisions; (2) reimbursement for all costs and attorney's fees incurred in the uninsured motorist action; (3) general damages for mental and emotional distress, and other incidental damages; (4) punitive and exemplary damages; (5) restitution of, among other sums, all premiums paid to defendant, all money earned by defendant from the use of those premiums, and the amount of plaintiff's UIM claims during the time period defendant delayed payment to plaintiff; (6) all costs of suit incurred in this action; and (7) interest on all sums found to be due and owing. Id. at 9.

On February 8, 2019, State Farm removed this action to this Court on the basis of diversity jurisdiction. Rem. Not. ¶ 10. On March 10, 2019, plaintiff moved to remand this matter to state court. Dkt. 9 ("Mot."). Defendant filed an opposition brief on March 15, 2019, dkt. 10 ("Opp'n"), and plaintiff filed a reply on March 25, 2019, dkt. 13 ("Reply"). Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.  LEGAL STANDARD

"In general, and of cardinal importance, an action is removable only if it originally might have been brought in a federal court." 14C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2733.3 (4th ed. 2018). If jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claims exceed the requisite jurisdictional amount of $75,000. Id.; see also

---

[1]  This amount was reduced by $20,000—the $15,000 that plaintiff received from the underinsured driver, and $5,000 which defendant had already paid plaintiff for medical payment benefits. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:19-cv-00992-CAS-JPRx | Date | April 3, 2019 |
| Title | AARON SAMSKY V. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ET AL. | | |

Deutsche Bank Nat'l Trust Co. v. Galindo, No. ED CV 10–01893–RGK (DTBx), 2011 WL 662324, *1 (C.D. Cal. Feb. 11, 2011) (explaining the two types of federal subject matter jurisdiction). Under 28 U.S.C. § 1446(b), a defendant must file the notice of removal within 30 days after being served with a complaint alleging a basis for removal.

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Judge Virginia A. Phillips et al., Federal Civil Procedure Before Trial, Calif. & 9th Cir. Editions § 2:2228 (The Rutter Group 2019).

## III.  DISCUSSION

### A.  Plaintiff's Motion to Remand

Defendant removed this case on the basis of diversity, pursuant to 28 U.S.C. § 1332. The parties do not dispute their diversity of citizenship—plaintiff is a citizen of California, whereas defendant is a citizen of Illinois. Rem. Not. ¶¶ 6–7. Defendant also argues that the amount in controversy requirement is met. While defendant acknowledges that plaintiff only requested damages in "amounts according to proof," defendant contends that, "using reasonable deductions and inferences," the Court can conclude that plaintiff seeks damages in excess of $75,000. Opp'n at 2. In support of its position, defendant cites plaintiff's complaint, wherein plaintiff requests economic damages, including attorney's fees and costs, damages for "past and further [sic] emotional distress," punitive damages, and "restitution of 'all premiums paid to State Farm.'" Opp'n at 2–3. Defendant further explains that, in a related matter, plaintiff declared under penalty of perjury that, in the underlying arbitration, he incurred costs and fees in excess of $170,000 due to defendant's refusal to admit certain requests for admission. Id. at 3; see dkt. 12, Ex. 1 ("RFA Mot.").[2] Defendant explains that, "[w]hile

---

[2]  Defendant filed a request for judicial notice of the records of the Los Angeles Superior Court pertaining to plaintiff's prior motion for costs of proof. Dkt. 12. The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:19-cv-00992-CAS-JPRx | Date | April 3, 2019 |
| Title | AARON SAMSKY V. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ET AL. | | |

this motion was denied by the Los Angeles Superior Court, plaintiff is now seeking these fees and costs as damages under a bad faith theory." Opp'n at 4. Finally, defendant states that, to avoid issues of removal jurisdiction, counsel for defendant requested that plaintiff stipulate that the amount in controversy did not exceed $75,000. Id. Plaintiff refused to stipulate. Id.

Plaintiff moves to remand this matter on the grounds that defendant has failed to demonstrate that the amount in controversy exceeds $75,000. Plaintiff acknowledges that he previously pursued over $170,000 in costs and attorney's fees, arising out of the underlying arbitration. Reply at 4. However, he appears to argue that, in this action, he would seek a smaller award, based on the formula employed to calculate attorney's fees in insurance bad faith cases. Id. Plaintiff also expressly states that, by pursuing arbitration in this matter, he incurred costs of $67,186.14 and attorney's fees totaling $24,922.20. Id. at 5.

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Gaus, 980 F.2d at 566. "Where a plaintiff's complaint does not specify the amount of damages being sought, the removing defendant bears the burden of demonstrating by a preponderance of the evidence that the amount in controversy requirement is satisfied." Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing Singer, 116 F.3d at 376; Gaus, 980 F.2d at 567). "This burden can easily be met if it is facially apparent from the allegations in the complaint that plaintiff's claims exceed $75,000." Id. Where a complaint is not facially apparent, a court should consider the facts alleged in the removal petition, and may request that the parties submit "summary-judgement-type evidence," pertaining to the removal issue. Singer, 116 F.3d at 377. Importantly, too, "[c]ourts may use 'judicial experience and common sense' in

---

Court hereby **GRANTS** this request and takes judicial notice of the public and undisputed court files and record. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). Although plaintiff argues that defendant should have submitted these materials at the time defendant removed this action, reply at 4, the Court finds that defendant appropriately submitted evidence pertaining to the amount in controversy once plaintiff filed its motion for remand, see Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997) (explaining that courts may consider "summary-judgment-type evidence relevant to the amount in controversy").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:19-cv-00992-CAS-JPRx | Date | April 3, 2019 |
|---|---|---|---|
| Title | AARON SAMSKY V. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ET AL. | | |

determining whether it is facially apparent that the amount in controversy is satisfied, and courts should conduct an independent appraisal of the allegations of the complaint." Dourian v. Stryker Corp., No. CV 12-1790 DSF (CWX), 2012 WL 12893752, at *1 (C.D. Cal. Apr. 25, 2012) (internal citations omitted).

The parties present mixed and conflicting figures with regard to the damages that plaintiff allegedly incurred in pursuing arbitration for his UIM claims. Notwithstanding this fact, the Court finds that defendant has carried its burden of demonstrating that the amount in controversy exceeds $75,000 in this case. Plaintiff's claims arise out of defendant's alleged breach of its duty of good faith and fair dealing in forcing plaintiff to proceed to arbitration. See generally Compl. Defendant has produced evidence that plaintiff has previously requested an award of fees and costs, stemming from this underlying arbitration, of over $170,000. See RFA Mot. The Court recognizes that plaintiff represents that he will seek a smaller award of attorney's fees in this case. However plaintiff will not stipulate that his damages are less than $75,000. Moreover, plaintiff states that his actual attorney's fees were $24,299.20 and his costs were $67,186.14. Reply at 5. These total $92,108.34.[3] Furthermore, these attorney's fees and costs do not constitute the entire amount in controversy. Plaintiff also seeks compensatory and consequential damages, arising out of defendant's delayed withholding of benefits, general damages for mental and emotional distress, along with other incidental damages, punitive and exemplary damages, and restitution. See Compl. at 9. Exercising the Court's "judicial experience and common sense," it is therefore clear that the amount in controversy requirement is met. Dourian, 2012 WL 12893752, at *1.

In sum, the Court finds that defendant has properly demonstrated that the requirements for diversity jurisdiction are met in this case. Plaintiff's motion to remand is **DENIED.**

---

[3]    While the amount of controversy requirement is "exclusive of interest and costs," 28 U.S.C.A. § 1332 (West), "when costs, either of another lawsuit or expenses incurred as a result of the defendant's allegedly wrongful conduct, are an element of the plaintiff's damage claim as a matter of the applicable substantive law, they are not the type of costs the jurisdictional statutes exempt from inclusion in determining whether the amount in controversy requirement has been satisfied." 14AA Charles A. Wright et al. Federal Practice and Procedure § 3712 (4th ed. 2018).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:19-cv-00992-CAS-JPRx | Date | April 3, 2019 |
|---|---|---|---|
| Title | AARON SAMSKY V. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ET AL. | | |

### B. Plaintiff's Request for Attorney's Fees

In his reply brief, plaintiff requests "reasonable attorney's fees related to the preparation and filing of his motion for remand." Reply at 5. Plaintiff argues that an award of fees and costs is warranted "as there was no objectively reasonable basis for removal." Id. (citing Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005)). Having determined that removal was proper in this matter, the Court finds plaintiff's request soundly without merit. Plaintiff's request for attorney's fees is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** plaintiff's motion to remand. The Court also **DENIES** plaintiff's request for attorney's fees related to the preparation and filing of his motion for remand.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |